**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| BILLY MOBLEY, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :   CASE NO.: 1:12-CV-64 (WLS) |
| CAROLYN COLVIN, *Commissioner of Social Security*, | : |
| | : |
|     Defendant. | : |
| | : |

## ORDER

On July 30, 2012, this Court reversed the decision of the Commissioner of the Social Security Administration and remanded the above-captioned case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13.) On October 24, 2012, Plaintiff moved for attorney's fees under the Equal Access to Justice Act ("EAJA") in connection with his social security appeal and remand. (Docs. 15.) Based on Plaintiff's Motion and the Commissioner's assertion that she did not oppose the Motion (Doc. 16), the Court granted Plaintiff's Motion for attorney's fees in the amount of $1,487.82, and entered Judgment in favor of Plaintiff. (Docs. 17, 18.)

Plaintiff's instant Motion for Attorney's Fees under the Social Security Act (Doc. 19) requests attorney's fees in the amount of $7,036.00 under 42 U.S.C. § 406(b). Plaintiff's attorney also acknowledges that he must refund to Plaintiff the previous EAJA fee award of $1,487.82. The amount requested is 25% of Plaintiff's past due benefits, less administrative fees of $3,173.50.

Defendant objects to the requested attorney's fees because that "amount represents a windfall." (Doc. 20 at 1.) Defendant asserts that $7,036.00 is excessive in light of the fact that Plaintiff's counsel spent only 8.05 hours representing Plaintiff. (*Id.* at 2.) "The agency requested a voluntary remand before Plaintiff's counsel began

1

working on the brief." (*Id.*) Defendant requests that the Court decrease the amount of fees to Plaintiff's counsel, but does not suggest an amount. (*See id.* at 3.)

In his Reply, Plaintiff's counsel states that the actual fee he will receive is $5,548.18 because $1,487.82 will be refunded. (Doc. 21 at 1.) Plaintiff argues that Defendant's position falls short because she failed to consider the intent of the parties and the risk of non-payment. (*Id.* at 3.) Plaintiff also asserts that Defendant's criticism is essentially an argument that the fee, as viewed from the perspective of a calculation using the lodestar method, is unreasonable without regard to the relevant case law. (*Id.* at 2-3.)

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court held that contingency fee agreements, such as the one in this case, are permissible so long as the fee does not exceed 25% of Plaintiff's back benefits, subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807; *see* 42 U.S.C. § 406(b). Issues to consider when assessing reasonableness include, for example, whether the attorney's work was substandard, whether the attorney was responsible for any delays (and would thereby profit from the accumulation of additional back benefits during the delay), or whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

In this case, Plaintiff's counsel requests a total of $7,036.00, which is 17.2% of Plaintiff's back benefits. Although that fee amounts to approximately $874 per hour, the Court is guided by *Gisbrecht*'s reminder that "courts are not to rely exclusively on the lodestar method." *See Jeter v. Astrue*, 622 F.3d 371, 380 (5th Cir. 2010). There is no evidence that counsel's performance was substandard. By reducing the amount of attorney's fees because Defendant voluntarily remanded the case would be effectively punishing Plaintiff's counsel for something beyond his control. Plaintiff's counsel and Plaintiff entered into the contingent fee agreement voluntarily, and Plaintiff's counsel took the risk that the effort he expended on this case—and thus could not expend on other cases—could be wasted effort. "[W]e do not read *Gisbrecht*'s 'windfall' as support for the proposition that experienced, competent counsel should be punished for

2

accomplishing an arduous task in a shorter span of time than less-experienced, less-aggressive counsel." *Jeter*, 622 F.3d at 380-81.  Because there is no indication that Plaintiff's counsel is receiving a windfall or that his performance was substandard, Plaintiff's Motion for Attorney's Fees Under the Social Security Act (Doc. 19) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, Charles L. Martin, for representation of Plaintiff in this Court is $7,036.00.  Because Plaintiff's counsel was previously awarded $1,487.82 in fees and counsel acknowledges that those fees are to be refunded to Plaintiff, the Commissioner is ordered to pay to Charles L. Martin the net amount of $5,548.18 out of Plaintiff's past-due back benefits. *See Jackson v. Comm'r of Social Sec.*, 601 F.3d 1268, 1274 (11th Cir.2010).

**SO ORDERED**, this  31st  day of March 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**